UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KARI GIBSON, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 14-CV-0730-CVE-FHM |
| ) | |
| **SIMM ASSOCIATES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFAULT JUDGMENT

Before the Court is plaintiff's motion for default judgment (Dkt. # 7) requesting default judgment in her favor and against defendant in the amount of $3,000, as well as declaratory judgment. The complaint alleges that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., on three separate occasions by: failing to disclose in telephone communications that the communication was from a debt collector; communicating with individuals other than plaintiff, plaintiff's attorney, or a consumer reporting agency about the debt; and threatening to take action against plaintiff that it could not legally take and did not intend to take. Dkt. # 2, at 3-4. Plaintiff seeks default judgment as to each violation. Id. The complaint also alleges that defendant failed to validate the debt, despite plaintiff's written demand that it do so, and requests declaratory judgment that defendant cease collection activities against plaintiff as to the alleged debt. Id. at 4. Plaintiff appeared through counsel. Defendant did not appear.

A return of service has been filed on behalf of plaintiff showing that defendant was served through its registered agent by certified mail, return receipt signed, on December 15, 2014. Dkt. # 4. Defendant is neither an individual engaged in military service, nor an infant, nor an incompetent person. To date, defendant has failed to answer or otherwise defend in this action. Upon plaintiff's

motion for entry of default (Dkt. # 5), the Court Clerk entered default. Dkt. # 6. The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, by reason of plaintiff's claim under 15 U.S.C. § 1692 et seq.

Pursuant to Fed. R. Civ. P. 55(a), default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." The Court finds that defendant has failed to file a responsive pleading or otherwise defend against plaintiff's claims, and default judgment should be entered in favor of plaintiff and against defendant. Plaintiff seeks $3,000 in statutory damages, and the Court finds that the requested damages are reasonable based on the allegations of the complaint. Dkt. # 7, at 3.[1]

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that plaintiff's motion for default judgment (Dkt. # 7) is hereby **granted**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that default judgment is hereby entered in favor of plaintiff against defendant in the amount of $3,000, plus post-judgment interest thereon from this date at the rate of 0.18%, plus the costs of this action.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant will cease all collection efforts against plaintiff as to the debt identified in the complaint.

**DATED** this 21st day of January, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also seeks an award of attorney's fees. Dkt. # 7, at 3-4. However, such requests must be raised in a post-judgment motion under Fed. R. Civ. P. 54(d) and LCvR 54.2. The Court declines to award attorney's fees in this default judgment.