UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1)     KARI GIBSON, an individual,       )<br>                                                )<br>                   Plaintiff,  )<br>                                                )<br>v.                                                  )<br>                                                )<br>2)     SIMM ASSOCIATES, INC.,        )<br>        a foreign corporation,            )<br>                                               )<br>                  Defendants.  ) | Case No. 14-CV-730-CVE-FHM<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS
AND BRIEF IN SUPPORT THEREOF**

**COMES NOW** the Plaintiff, Kari Gibson, by and through her attorney of record, GIBBS ARMSTRONG BOROCHOFF MULLICAN & HART, P.C., and for her Motion for Attorney Fees and Costs and Brief in Support thereof, pursuant to Federal Rule 54(d) and LCvR 54.2, respectfully submits the following:

Plaintiff filed a Complaint (Dkt. #2) against Defendant, SIMM Associates, Inc., based upon violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Plaintiff was successful in prosecuting this action, as on January 21, 2015, this Court entered a Default Judgment (Dkt. #8) against Defendant, SIMM Associates, Inc., in the amount of $3,000.00, together with post-judgment interest from January 21, 2015 at the rate of 0.18%, plus the costs of the action[1].

Under the relevant statutory authority, Plaintiff is entitled to an award of her reasonable attorneys' fees and costs for prevailing on her claims for violations of the FDCPA, as the FDCPA contains a fee-shifting provision which requires debt collectors, such as SIMM

---

[1] Plaintiff's costs in this action were $405.34, which encompassed filing fees and costs for service of process as set forth in Exhibits A and B attached hereto.

1

Associates, Inc., to pay the costs and reasonable attorneys' fees of a successful individual litigant. *See* 15 U.S.C. § 1692k(a)(3). Further, courts have found that an award of attorneys' fees and costs under the FDCPA is mandatory. *See Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir. 1995). *See also Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

In determining the reasonableness of a request for attorneys' fees under 15 U.S.C. § 1692k(a)(3), "the most useful starting point … is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This lodestar approach has been recognized by the Tenth Circuit as the proper method of calculating attorney's fees in FDCPA cases. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 616 F.3d 1098, 1103 (10th Cir. 2010); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

Further, "a claimant is entitled to the presumption that this lodestar amount reflects a reasonable fee." *Robinson* at 1281. "Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by [a fee shifting statute]." *Id*.

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party …" *Gates v. Deukmejian*, 987 F.2d 1392, 1397-1398 (9th Cir. 1992).

The lodestar rate may not be reduced due to the amount of Plaintiff's recovery, as Plaintiff's attorneys are entitled to full compensation for their work on this litigation. "In order

to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases. Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995).

In the instant matter, Plaintiff seeks an award of reasonable attorneys' fees for prosecuting this action in the amount of $2,455.00, comprised of 13.0 hours of attorney time at the hourly rate of $250.00 for work performed by a partner of the firm and $175.00 for work performed by an associate attorney. *See* Statement of Services attached as Exhibit A. The hourly rates of Plaintiff's attorneys delineated in Plaintiff's Statement of Services are commensurate with experience and training of each employee at Gibbs, Armstrong, Borochoff, Mullican & Hart, P.C. The experience of the attorneys who worked on behalf of Plaintiff and the reasonableness of the attorneys' fees sought by Plaintiff are detailed in the affidavit of Courtney M. Wolin attached hereto as Exhibit B.

The attorneys' fees and costs incurred in this matter are not disproportionate to the amount of Plaintiff's recovery; however, even if Plaintiff's fees and costs could be considered disproportionate, courts have consistently awarded attorneys' fees in FDCPA cases that may be disproportionate to the amount of Plaintiff's recoveries. *See Versteeg v. Bennett, DeLoney & Noyes, PC*, 830 F.Supp.2d 1238 (10th Cir. 2011); *In re Martinez*, 266 B.R. 523 (Bankr. S.D.Fla. 2001), *aff'd* 271 B.R. 696 (S.D.Fla. 2001)(attorney's fees of $29,037.00 in comparison to $1,000.00 in FDCPA damages); and *Perez v. Perkiss*, 742 F.Supp. 883 (D. Del. 1990)(attorneys' fees of $10,110.00 in comparison to Plaintiff's recovery of $1,200.00). As such, an award of

attorneys' fees in the amount of $2,455.00 is reasonable and appropriate, given Plaintiff's award of statutory damages in the amount of $3,000.00.

**WHEREFORE**, Plaintiff, Kari Gibson, respectfully moves this Court for an award of her reasonable attorneys' fees in the amount of $2,455.00, costs in the amount of $405.34 and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**GIBBS, ARMSTRONG, BOROCHOFF, MULLICAN & HART, P.C.**

/s/ Courtney M. Wolin
Chris Wolek, OBA #19612
Courtney M. Wolin, OBA #19975
601 South Boulder Avenue, Suite 500
Tulsa, Oklahoma 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a full, true and correct copy of the above and foregoing document was served on the 26<u>th</u> day of January, 2015, via:

| | |
|---|---|
| __X__ | U. S. First Class Mail, proper postage prepaid; |
| _____ | Certified Mail, Return Receipt Requested; |
| _____ | Facsimile |
| _____ | Hand Delivery |
| _____ | Overnight Express Delivery |

to the following:

SIMM Associates, Inc.
Registered Agent:  Corporation Service Co.
115 SW 89th St.
Oklahoma City, OK  73139

              /s/Courtney M. Wolin_____