# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARI GIBSON, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-0730-CVE-FHM |
| ) | |
| SIMM ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Before the Court is plaintiff's motion for attorneys' fees and costs (Dkt. # 9). Plaintiff filed her complaint on December 8, 2014, alleging multiple violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Dkt. # 2. A return of service was filed on behalf of plaintiff showing that defendant was served through its registered agent by certified mail, return receipt signed, on December 15, 2014. Dkt. # 4. Upon plaintiff's motion for entry of default (Dkt. # 5), the Court Clerk made an entry of default. Dkt. # 6. Following plaintiff's motion for default judgment (Dkt. # 7), the Court entered default judgment in favor of plaintiff and against defendant for $3,000 in statutory damages. Dkt. # 8. Plaintiff now moves for an award of attorneys' fees and costs. Dkt. # 9, at 1. As defendant has not appeared or defended this case, the Court enters this opinion and order without waiting for a response to plaintiff's motion.

The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The Tenth Circuit has approved of the lodestar method for calculating reasonable attorneys' fees under

the FDCPA. Anchondo v. Anderson, Crenshaw & Assoc., L.L.C., 616 F.3d 1098, 1102 (10th Cir. 2010); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Using this method, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" results in a presumptively reasonable fee. Hensley, 461 U.S. at 433. The Court may then adjust the lodestar based on objections or other factors, including the level of success the prevailing party achieved. Id. at 436-37 ("If . . . a plaintiff has achieved only partial or limited success, the . . . [lodestar] may be an excessive amount. . . . The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.").

Plaintiff's motion employs the lodestar method and seeks $2,455 in attorneys' fees, representing thirteen hours of work by two attorneys. Dkt. # 9, at 3. Christopher D. Wolek, a partner with twenty years of experience as an attorney, performed 2.4 hours of work at a rate of $250 per hour. Dkt. # 9-2, at 1-2. Courtney M. Wolin, an associate with eleven years of experience as an attorney, performed 10.6 hours of work at a rate of $175 per hour. Dkt. # 9-2, at 1-2. The Court finds that the attorneys' rates are reasonable in the Tulsa market, given the success achieved and the attorneys' experience. See Okla. Nat. Gas Co. v. Apache Corp., 355 F. Supp. 2d 1246, 1249-50 (N.D. Okla. 2004); N.E. Okla. Elec. Coop. v. S.W. Bell Tele. Co., 11-CV-0320-CVE-FHM, Dkt. # 122 (N.D. Okla. Oct. 29, 2013); D.H. v. Ponca City Indep. Sch. Dist. No. 71, No. 06-CV-523 CVE-SAJ, 2007 WL 2670105, at *2-*3 (N.D. Okla. Sept. 7, 2007). Upon review of the detailed time records submitted by plaintiff's attorneys, see Dkt. # 9-1, at 1-2, the Court finds the amount of time spent on plaintiff's case to be reasonable and not duplicative. Thus, the appropriate lodestar for this case is $2,455, that number being the sum of the products of the rates of pay and the hours worked

for each of plaintiff's two attorneys. The Court sees no reason to reduce the lodestar amount based on the level of success achieved. Thus, the Court awards $2,455 in attorneys' fees to plaintiff.

Plaintiff also seeks to recover the costs of this action. Dkt. # 9, at 4. Fed. R. Civ. P. 54(d) states that, unless otherwise provided, "costs . . . should be allowed to the prevailing party." Plaintiff is the prevailing party in this case. See Hensley, 461 U.S. at 433 ("[P]laintiffs may be considered 'prevailing parties' . . . if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978))). Plaintiff seeks $410.59 in costs, which is comprised of the filing fee for the complaint, postal charges, and thirty-five pages of copies at a rate of $0.15 per page. Dkt. # 9-1, at 2. Federal statute permits the court to tax as costs any "[f]ees of the clerk and marshal" and "[f]ees for . . . the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. Furthermore, this Court has previously allowed for reimbursement of postage as an expense that normally is charged separately in the Tulsa legal community. D.H., 2007 WL 2670105, at *4. Thus, all of the costs that plaintiff requests may be taxed against defendant. The Court finds plaintiff's request for costs to be reasonable, and so the Court will tax as costs $410.59, the full amount plaintiff seeks.

**IT IS THEREFORE ORDERED** that plaintiff's motion for attorney fees and costs (Dkt. # 9) is hereby **granted**. Attorneys' fees in the amount of $2,455 are awarded to plaintiff, to be paid by defendant. Costs in the amount of $410.59 are awarded to plaintiff, to be paid by defendant. A separate judgment will be entered herewith.

**DATED** this 27th day of January, 2015.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE